

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00098-CR

_____

STEVEN MARLIN SCHADE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Camp County, Texas
Trial Court No. CF-14-1378

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Steven Marlin Schade pled guilty to and was convicted of the offense of aggravated robbery and was sentenced to twenty years' incarceration. Schade's sentence was imposed March 17, 2014, and he did not file a motion for a new trial. Schade filed his notice of appeal June 2, 2015. The issue before us is whether Schade properly invoked this Court's jurisdiction by timely perfecting his appeal. Because we find that Schade's notice of appeal was not timely filed and because he waived his right of appeal, we conclude that we are without jurisdiction to hear the appeal.

A timely filed notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2 of the Texas Rules of Appellate Procedure prescribes the time period in which a notice of appeal must be filed to perfect an appeal in a criminal case. *See* TEX. R. APP. P. 26.2. A criminal defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed, or if the defendant timely files a motion for new trial, within ninety days after the date sentence is imposed. TEX. R. APP. P. 26.2(a); *Olivo*, 918 S.W.2d at 522.

In this case, the deadline for filing a notice of appeal was April 16, 2014. *See* TEX. R. APP. P. 26.2(a)(2). The notice of appeal in this matter was filed well after that deadline; it is, therefore, untimely.

Even if Schade's notice of appeal had been timely filed, we nevertheless would not have jurisdiction over this appeal. This was a plea bargain case in which Schade waived any right of appeal he might have had. The Texas Legislature has granted a very limited right of appeal in plea

2

bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>     (A)    those matters that were raised by written motion filed and ruled on before trial, or
>
>     (B)    after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). Further, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d). Because this was a plea bargain case in which the assessed punishment did not exceed the agreed-upon punishment recommendation, Schade did not have a right of appeal from his conviction. *See id.*

By letter dated July 8, 2015, we notified Schade of these potential defects in our jurisdiction and afforded him an opportunity to respond. Schade filed a response in which he claims that the trial court gave him permission to appeal in compliance with Rule 25.2(a)(2)(B) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2)(B). However, the trial court's certification in this case indicates that there is no right of appeal.

3

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     August 24, 2015
Date Decided:       August 25, 2015

Do Not Publish